IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,081

In the Matter of MINDY LYNN MILLER,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed November 26, 2014. Indefinite suspension.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause and was on the formal complaint for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause, and *Mindy Lynn Miller*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Mindy L. Miller, of Topeka, an attorney admitted to the practice of law in Kansas in 2002.

On March 28, 2014, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on June 5, 2014, where the respondent did not appear. The hearing panel determined that respondent violated KRPC 1.1 (2013 Kan. Ct. R. Annot. 446) (competence); 1.3 (2013 Kan. Ct. R. Annot. 464) (diligence); 1.4(a) (2013 Kan. Ct. R. Annot. 484) (communication); 5.5(a) (2013 Kan. Ct. R. Annot. 630) (unauthorized practice of law); 8.4(d) (2013 Kan. Ct. R. Annot. 655) (engaging in conduct prejudicial to the administration of justice); 8.1(b) (2013 Kan. Ct. R. Annot. 646) (failure to respond to lawful demand for information from

1

disciplinary authority); and Kansas Supreme Court Rule 207(b) (2013 Kan. Ct. R. Annot. 336) (failure to cooperate in disciplinary investigation).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.     In approximately 2008, the respondent became employed by Midwest Health Management, Inc. (hereinafter Midwest) as in-house counsel. Midwest owns many nursing home facilities throughout Kansas. From time to time, the Chief Financial Officer assigned the respondent to handle certain litigation matters involving Midwest and its nursing homes.

"9.     On September 14, 2012, the Kansas Supreme Court entered an order suspending her license to practice law in Kansas for failing to pay the annual registration fee and for failing to comply with the requirements of the Kansas Continuing Legal Education Commission.

"10.     The respondent did not inform her employer that the Court suspended her license to practice law.

"*Laboratory Corp. V. Halstead Health, et al.*

"11.     The Chief Financial Officer assigned the respondent to handle *Laboratory Corp. vs. Halstead Health, et al.*, Harvey County, Kansas, district court case number 12LM01051, on behalf of the defendant. After proper service, the respondent failed to take any action on behalf of her client. As a result, on January 24, 2013, the court entered default judgment against the respondent's client.

2

*Jefferson County Fire District #11 vs. Valley Health Care Center Operations, LLC*

"12.     The Chief Financial Officer assigned the respondent to defend *Jefferson County Fire District #11 vs. Valley Health Care Center Operations, LLC*, Jefferson County, Kansas, district court case number 12LM270. The respondent filed an answer on behalf of her client, despite her suspension by the Kansas Supreme Court's order of September 14, 2012. Thereafter, the court scheduled a pretrial hearing on April 3, 2013. The respondent failed to appear in court for the pretrial hearing. As a result of the respondent's failure to appear at the pretrial hearing, on April 5, 2013, the court entered default judgment against the respondent's client.

"*Poole Fire Protection, Inc. vs. Midwest Health Management, Inc.*

"13.     The Chief Financial Officer assigned the respondent to defend Midwest in *Poole Fire Protection, Inc. vs. Midwest Health Management, Inc.*, Johnson County, Kansas, district court case number 11LA9439. The respondent failed to appear for a motion hearing on November 9, 2012. Because the respondent failed to appear for the motion hearing, that same day, the court entered default judgment against the respondent's client.

"*Schindler Elevator Corp. vs. Twin Oaks Independent Living Operations, LLC*

"14.     The Chief Financial Officer assigned the respondent to represent the defendant in *Schindler Elevator Corp. vs. Twin Oaks Independent Living Operations, LLC*, Shawnee County, Kansas, district court case number 11L025328. The respondent failed to defend her client. Accordingly, on June 26, 2012, the court entered default judgment against the respondent's client.

"*Equal Employment Opportunity Commission vs. Midwest Health, Inc.*

"15.     The Chief Financial Officer assigned the respondent to defend Midwest in *Equal Employment Opportunity Commission vs. Midwest Health, Inc.*, United States District Court for the District of Kansas, case number 12MC240. In that case, the

3

charging party alleged that the respondent's client violated the Civil Rights Act of 1964 by subjecting her to sex discrimination.

"16. The respondent failed to provide information requested by the Equal Employment Opportunity Commission. The respondent failed to comply with a subpoena. On August 29, 2012, the Court issued an order to show cause. The respondent failed to respond to the order to show cause. On December 3, 2013, the court issued an order compelling the respondent to comply with the subpoena. The respondent failed to respond to the court's order compelling compliance.

"17. In April, 2013, Midwest terminated the respondent's employment.

"18. On May 6, 2013, Brian Jacques filed a complaint against the respondent. The disciplinary administrator docketed the complaint for investigation and forwarded the complaint to the Topeka Ethics and Grievance Committee. Lucky DeFries, the chair of the Topeka Ethics and Grievance Committee, assigned Shelly Starr to investigate the complaint.

"19. Thereafter, on May 13, 2013, the disciplinary administrator wrote to the respondent, informing her that the case had been docketed for investigation and directing her to provide a written response to the complaint within 20 days. The respondent failed to provide a written response to the complaint as directed by the disciplinary administrator.

"20. On May 22, 2013, Ms. Starr wrote to the respondent directing her to provide a written response to the complaint filed by Mr. Jacques by June 6, 2013. The respondent failed to provide a written response to the complaint as directed by Ms. Starr.

"21. On November 7, 2013, Ms. Starr again wrote to the respondent and directed the respondent to provide a written response to the complaint by November 22, 2013. Again, the respondent failed to provide a written response to the complaint as directed by Ms. Starr.

4

"22. On February 27, 2014, the disciplinary administrator wrote to the respondent and informed her that the review committee had directed the disciplinary administrator to file a formal complaint against the respondent. The letter was returned to the disciplinary administrator as unclaimed.

"23. On March 28, 2014, the disciplinary administrator forwarded the formal complaint and notice of hearing to the respondent at her registration address by certified delivery. The package with the formal complaint and notice of hearing was returned to the disciplinary administrator. Additionally, Terry Morgan, special investigator with the disciplinary administrator's office, hand-delivered a package containing the formal complaint and notice of hearing and left it at the respondent's registration address which is also the respondent's residential address.

"*Conclusions of Law*

"24. Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1, KRPC 8.4, and Kan. Sup. Ct. R. 207, as detailed below.

"25. The respondent failed to appear at the hearing on the formal complaint. It is appropriate to proceed to hearing when a respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

5

'(c)    Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the formal complaint and the notice of hearing, *via* certified United States mail, postage prepaid, to the address shown on the respondent's most recent registration. Further, the disciplinary administrator's special investigator also left a copy of the formal complaint and notice of hearing at the respondent's registration address. The hearing panel concludes that the respondent was afforded the notice that the Kansas Supreme Court Rules require and more.

## "KRPC 1.1

"26.    Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The respondent failed to exercise the requisite thoroughness and preparation reasonably necessary for the representation of Midwest and the nursing homes which it owns and operates. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.1.

## "KRPC 1.3

"27.    Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent failed to diligently and promptly represent Midwest and the nursing homes it owns and operates by failing to answer petitions, respond to motions, appear in court, and respond to requests for information. Because the respondent failed to act with reasonable diligence and promptness in representing Midwest and the nursing homes that it owns and operates, the hearing panel concludes that the respondent violated KRPC 1.3.

6

## "KRPC 1.4

"28.      KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the respondent violated KRPC 1.4(a) when she failed to keep Midwest informed about the status of the cases. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

## "KRPC 5.5

"29.      KRPC 5.5(a) prohibits the unauthorized practice of law. After the Kansas Supreme Court suspended the respondent's license to practice law, the respondent continued to practice law. As such, the hearing panel concludes that the respondent violated KRPC 5.5(a).

## "KRPC 8.4(d)

"30.      'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when she failed to file answers to petitions, appear in court for hearings, respond to motions, and respond to requests for information. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

## "KRPC 8.1 and Kan. Sup. Ct. R. 207(b)

"31.      Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary

7

Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). Because the respondent failed to provide a written response to the initial complaint filed by Mr. Jacques, the hearing panel concludes that the respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"32.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"33.     *Duty Violated*. The respondent violated her duty to client to provide competent and diligent representation and adequate communication. Additionally, the respondent violated her duty to the legal profession to cooperate in disciplinary investigations.

"34.     *Mental State*. The respondent knowingly violated her duties.

"35.     *Injury*. As a result of the respondent's misconduct, the respondent caused actual injury to Midwest.

"Aggravating and Mitigating Factors

"36.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its

8

recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"37.     *A Pattern of Misconduct*. The respondent engaged in a pattern of misconduct by failing to file answers to petitions, respond to motions, appear in court, and respond to requests for information in five cases on behalf of Midwest.

"38.     *Multiple Offenses*. The respondent committed multiple rule violations. The respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1, KRPC 8.4, and Kan. Sup. Ct. R. 207. Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"39.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"40.     *Absence of a Prior Disciplinary Record*. The respondent has not previously been disciplined.

"41.     *Absence of a Dishonest or Selfish Motive*. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"42.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42     Suspension is generally appropriate when:

> (a)     a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

9

(b)    a lawyer engages in a pattern of neglect and
          causes injury or potential injury to a client.

   '7.2   Suspension is generally appropriate when a lawyer knowingly
          engages in conduct that is a violation of a duty owed as a
          professional, and causes injury or potential injury to a client, the
          public, or the legal system.'

"*Recommendation*

"43.    In his closing argument, the disciplinary administrator recommended that the respondent be indefinitely suspended from the practice of law. The disciplinary administrator stated that he may change his recommendation to disbarment before the court if the circumstances warrant.

"44.    Throughout the hearing on the formal complaint, the disciplinary administrator, through witness testimony and argument, described his office's efforts to locate the respondent. The disciplinary administrator stated that he would continue to attempt to locate the respondent. The hearing panel remains concerned about the respondent's welfare, given her complete lack of response and cooperation throughout the disciplinary investigation and prosecution.

"45.    Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be indefinitely suspended from the practice of law in the State of Kansas.

"46.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2013 Kan. Ct. R. Annot. 356). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which she did not file an answer, and adequate notice of the hearing before the panel and the hearing before this court. The respondent did not appear at the hearing before the panel and did not file exceptions to the hearing panel's final hearing reports. As such, the findings of fact are deemed admitted. Supreme Court Rule 212(c) and (d) (2013 Kan. Ct. R. Annot. 375).

The clear and convincing evidence presented to the hearing panel supported its conclusion that the following rules had been violated:  KRPC 1.1 (2013 Kan. Ct. R. Annot. 446) (competence); 1.3 (2013 Kan. Ct. R. Annot. 464) (diligence); 1.4(a) (2013 Kan. Ct. R. Annot. 484) (communication); 5.5(a) (2013 Kan. Ct. R. Annot. 630) (unauthorized practice of law); 8.4(d) (2013 Kan. Ct. R. Annot. 655) (engaging in conduct prejudicial to the administration of justice); 8.1(b) (2013 Kan. Ct. R. Annot. 646) (failure to respond to lawful demand for information from disciplinary authority); and Kansas Supreme Court Rule 207(b) (2013 Kan. Ct. R. Annot. 336) (failure to cooperate in disciplinary investigation). Accordingly, we adopt the panel's conclusions of law.

11

At the hearing before this court, the office of the Disciplinary Administrator recommended that this court adopt the hearing panel's suggested sanction of indefinite suspension and further recommended that one condition precedent to reinstatement be that the respondent establish, through competent professional evaluations, that she is then emotionally and physically fit to practice law. The respondent appeared before this court with counsel and did not contest the recommended sanction. Accordingly, we adopt the recommended sanction of indefinite suspension.

ORDER

IT IS THEREFORE ORDERED that Mindy L. Miller be indefinitely suspended from the practice of law in the State of Kansas in accordance with Supreme Court Rule 203(a)(2) (2013 Kan. Ct. R. Annot. 300).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2013 Kan. Ct. R. Annot. 406), including effecting the notifications required by that rule, and shall comply with Supreme Court Rule 219 (2013 Kan. Ct. R. Annot. 407), as a condition precedent to reinstatement.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

LUCKERT, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 112,081 to fill the vacancy on the court created by the appointment of Justice Moritz to the United States 10th Circuit Court of Appeals.

12